In the Matter of the Application of GEORGE S. SCOFIELD, Appellant, for a Peremptory Writ of Mandamus against the BOARD OF ALDERMEN OF THE CITY OF NEW YORK and C. LIVINGSTON BOSTWICK, County Clerk of the County of Richmond, Respondents.

*Canvass of votes — a private citizen and voter cannot require a recanvass simply because it was not made by authorized officers.*

In the absence of an express statutory provision which, so far as appears, does not exist, a private citizen and voter has no right, after a correct canvass of the votes cast at an election has been made, to compel a recanvass upon the sole ground that the canvass already made was not made by the officers authorized by law to make it.

APPEAL by the petitioner, George S. Scofield, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Richmond on the 29th day of November, 1904, denying his application for a peremptory writ of mandamus.

*Louis S. Phillips* [*Albert E. Hadlock* with him on the brief], for the appellant.

*Arthur C. Butts* [*John J. Delany* with him on the brief], for the respondents.

HIRSCHBERG, P. J.:

. The order appealed from has sole relation to the canvass of the votes cast in Richmond county at the general election in the year

1904. The canvass was made by the members of the board of aldermen of the city of New York elected in the county of Richmond, and no question is raised as to its fairness and accuracy. A question was raised at the time of the canvass as to the right of the president of the borough of Richmond to sit as a member of the canvassing board, and that question was decided adversely to him, but is not presented on this appeal. Neither the president of the borough nor a candidate for office at the election in question is a party to this proceeding. The right of the applicant to the relief sought by him is based upon the fact that he was a qualified elector of the State and voted at the election in question, and was an owner of real estate and a taxpayer in the county of Richmond. The relief sought is the issuance of a peremptory writ of mandamus compelling the entire board of aldermen of the city of New York to meet and canvass the vote of Richmond county.

We are of opinion that the relator has no individual right under the circumstances to invoke the remedy which the order appealed from denies him. Such a right could only exist by virtue of statute, and our attention has not been directed by the learned counsel for the appellant to any statute conferring it. The question presented is not one of the right of a private citizen and voter to compel a canvass of a vote, but of the right after a canvass has been made, the correctness of which is unassailed, to compel another canvass upon the ground that the one already made was not made by the officers authorized by law. The case is not one where there has been a failure or a refusal to discharge a duty imposed by law, but is merely one wherein it is claimed the duty has been discharged, but by officers upon whom it is not imposed. In such a case the matter does not seem one of sufficient public right or interest to confer upon an individual voter without statutory authority the power to set again in motion the machinery of the executed law.

The order should be affirmed.

BARTLETT, WOODWARD and JENKS, JJ., concurred; HOOKER, J., not voting.

Order affirmed, with ten dollars costs and disbursements.